534

In the Matter of the Final Accounting of ANNA RIDOSH, as Administratrix of the Estate of NICHOLAS RIDOSH, Deceased, Appellant. JOHN RIDOSH et al., Respondents.

Third Department, April 23, 1959.

*Riggs & Riggs* for appellant.

*Manford Rosenheck* for respondents.

*Per Curiam.* The appellant, following the death of the decedent, operated a liquor store owned by the estate from September 28, 1953 to April 1, 1955, working approximately 81 hours per week on a six-day basis, which computed at 75 cents per hour made a total of $4,411.75. It was stipulated that the amount claimed was fair and reasonable if the court found in favor of the claimant. There is no serious dispute from the evidence as to the facts, the contestants claiming that the duties performed were part of her administration for which she received commissions, the appellant claiming that they were nonadministrative duties. The record further discloses that allowing all expenses, the estate substantially profited from the operation of the business.

The prior appeal concerned the decision of the Surrogate's Court disallowing any claim for services and confining administratrix solely to commissions in the amount of $501.02. (*Matter of Ridosh,* 5 A D 2d 67.) At the rehearing which resulted in this appeal, the Surrogate found that $26.25 per week was sufficient compensation for nonexecutorial services, using the formula of 35 hours per week at 75 cents per hour for one year. There is no justification for such finding, particularly in view of the recent decision of the Court of Appeals in *Matter of Tuttle* (4 N Y 2d 159, 167) (decided subsequent to the prior decision of this court) which stated that in these modern times, there is no rule which says that an executor, who is an employee in decedent's business, may not be paid a salary for working in the business. In the present situation, in our opinion, the only issue is the length of time it was reasonably necessary for the administratrix to operate the business.

The Surrogate opined '' that operating such a business for a period of one year would satisfy the requirements of obtaining the best possible sale or disposition of the business ''. With this we agree but add thereto the time from the signing of the contract of sale to its consummation, making a total of approximately 15 months. The claimant was in no way responsible for this delay but rather it was due to the prospective purchaser applying for permission to remove the location of the business. We allow five days a week for nonexecutorial duties and consider 54 weeks at $60 per week or $3,240 fair compensation. This does not include commissions.

The decree should be modified on the law and facts ana the amount of the award for nonexecutorial services performed increased to $3,240, and as modified, affirmed with costs to the . appellant, payable from the assets of the estate.

FOSTER, P. J., BERGAN, COON, GIBSON and HERLIHY, JJ., concur.

Decree modified, on the law and the facts, and the amount of the award increased to $3,240 and as so modified, affirmed, with costs to the appellant payable from the estate.

Settle order.