■ In the Matter of the Claim of VINCENT J. CALVAGNO, Respondent, v Estate of SALVATORE CALVAGNO, Also Known as SAVANO CALVAGNO, Doing Business as BELT RESTAURANT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 29, 1976, as corrected by decision filed March 17, 1977. Claimant, a nephew of Savano Calvagno, worked for his uncle in the latter's restaurant business from 1941 until 1969 when Savano Calvagno died. Claimant was appointed executor of his uncle's estate in 1970, and, in that capacity, continued the operation of the restaurant and continued to work as manager at a salary of $250 per week. On June 28, 1975 claimant sustained an accidental injury while so employed. The claim for benefits was controverted by the insurance carrier on the ground that no employer-employee relationship existed. The Workmen's Compensation Board found that claimant was an employee of the estate of Savano Calvagno, doing business as Belt Park Restaurant, separate and apart from his capacity as executor of the estate. There is substantial evidence for the board's findings. The record, though sparse, shows that claimant worked for his uncle for 28 years and, further, that he continued the restaurant business in his capacity as executor for six additional years before his accidental injury. During this period claimant caused premiums for workmen's compensation insurance covering the business and its employees to be paid out of the proceeds of the business, and he also changed the name of the assured on the policy to that of the estate as well as changing the name of the licensee to that of the estate. The record also shows that claimant had no financial interest in the restaurant at any time—either before or after his uncle's death. Finally, the estate made Social Security and income tax deductions from claimant's wages. These facts clearly establish a continuing employer [estate]-employee relationship and substantially support the conclusion of the board. The legal issue of whether the continuance of the business by the claimant, as executor, was violative of the provisions of the EPTL, or whether the issuance of the liquor license was in conformity with the provisions of the Alcoholic Beverage Control Law, might result in some penalty to the estate, but they are not relevant to the sole issue here of the existence of an employer-employee relationship (see Matter of Tuttle, 4 NY2d 159; Matter

*of Ridosh,* 7 AD2d 534). Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.